IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD J. BURKE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 07-cv-0076-MJR |
| | ) |
| THE LAKIN LAW FIRM PC, and | ) |
| BRADLEY M. LAKIN, | ) |
| | ) |
|     Defendants. | ) |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

Before the Court is Defendant The Lakin Law Firm's ("Law Firm") motion to strike portions of Plaintiff Richard Burke's complaint (Doc.13). Plaintiff has filed an objection to this motion (*see* Doc. 24), to which Defendant has replied (*see* Doc. 25). This matter being fully briefed, the Court now **DENIES** Defendant's motion (Doc. 13) for the reasons stated below.

### I.    Factual History

This case involves a four-count, two-defendant complaint (*see* Doc. 3). Count One of Plaintiff's complaint is against the Law Firm alleging it breached its employment agreement with Plaintiff by not paying him owed bonus compensation. Count Two is a claim against the Law Firm requesting an accounting for fees received and generated from class action cases. Count Three is brought against the Law Firm and co-defendant Bradley M. Lakin alleging fraud with respect to Plaintiff's bonus under the employment agreement. Count Four alleges Bradley M. Lakin tortiously interfered with his contract with the Law Firm by inducing a breach of contract between Plaintiff and the Law Firm and also alleges interference with business expectancy against Bradley M. Lakin.

1

In the present motion, Defendant contends all of paragraphs 21, 22, 23, 25, 66, 80, 81, 82, 83, 84, 85 and portions of paragraphs 24, 53 and 57 of Plaintiff's complaint (Doc. 3) ought to be stricken on the grounds they are "redundant, immaterial, impertinent and/or scandalous matter" (*see* Doc. 13, p.2).

## II.     Analysis

Motions to Strike in federal courts are governed by **FEDERAL RULE OF CIVIL PROCEDURE 12(f)**, which provides:

> **(f) Motion to Strike.** Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

**FED. R. CIV. P. 12(f).**

The present motion is timely in that Defendants waived service of summons on February 28, 2007 and the Law Firm filed the instant motion to strike two days later on March 2, 2007.

Allegations may be stricken pursuant to Rule 12(f) "if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." ***Talbot v. Robert Mathews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).** As a general rule, motions to strike are disfavored, in part because they tend to delay judicial proceedings. ***Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989). See also *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991)("Motions to strike 'are not favored...."),** *cert. denied,* **504 U.S. 957 (1992).** "The decision whether to strike material as scandalous is within the discretion of the district court." ***Talbot,* 961 F.2d at 665.**

Defendant argues that the objectionable portions of Plaintiff's complaint are redundant and immaterial because they "do not tend to prove or disprove *any* of Plaintiff's claims, but are intended to harass and cast a derogatory light on Defendant Lakin and The Lakin Law Firm" (Doc. 16, p. 6) and because **FEDERAL RULE OF CIVIL PROCEDURE 8(a)(2)** only requires that a complaint contain a "short and plain statement of the claim showing the pleader is entitled to relief." **FED. R. CIV. P. 8(a)(2)**.

Granted, the "short and plain statement" referred to in Rule 8(a)(2) requires a plaintiff to allege no more than "bare minimum facts necessary to put the defendants on notice of the claim so he can file an answer." ***Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002)**. Consequently, it may have been sufficient for Plaintiff to have given his and Defendants' names along with the nature of the grievance and "a few tidbits (such as the date) that will let the defendant[s] investigate." ***Kolupa v. Roselle Park District*, 438 F. 3d 713 (7th Cir. 2006)**. This being the case, however, it does not follow that *any* additional material or information is necessarily strike-worthy pursuant to Rule 12(f).

The Plaintiff is the master of his complaint and the Defendant cannot simply re-write the complaint via motion to strike. While it may be true that Plaintiff's complaint contains more detail than legally required to fend off a motion to dismiss under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the allegations Defendant complains are "baseless," "groundless," "speculation," and/or "extraneous and unnecessary" provide context and chronology and fill conceptual voids without running afoul of Rule 12(f).

Further, since Count Three against the Law Firm and Bradley M. Lakin is grounded in fraud, **FEDERAL RULE OF CIVIL PROCEDURE 9** requires pleading with particularity; the instant

complaint fulfills that requirement. Moreover, the complaint as drafted will not necessarily cause Defendant any prejudice; the allegations are merely that – allegations of a former employee who may or may not have an axe to grind. Nor does it follow necessarily that because information is found in a complaint discovery will be permitted regarding it or a jury will be instructed on it.

In sum, the complaint in this case, while perhaps unflattering, does not contain "redundant, immaterial, impertinent, or scandalous matter" within the meaning of Rule 12(f). Accordingly, the Court **DENIES** *in its entirety* Defendant's Motion to Strike portions of the Plaintiff's complaint (Doc. 13). In addition, the Court **DENIES** Plaintiff's motion to strike Defendant's reply (Doc. 31). Defendant's reply (Doc. 25) does not contain "redundant, immaterial, impertinent, or scandalous matter" within the meaning of Rule 12(f).

**IT IS SO ORDERED.**

**DATED this 26th day of March, 2007.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**