# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD J. BURKE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 07-cv-0076-MJR ) |
| THE LAKIN LAW FIRM, PC, and BRADLEY M. LAKIN, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### A. Introduction and Factual/Procedural Background

On January 29, 2007, Plaintiff Burke filed this action against Bradley Lakin and the Lakin Law Firm (LLF). The most recently amended complaint (Doc. 96) includes five counts: breach of contract, violation of the Illinois Wage Payment and Collection Act, quantum meruit, fraud, and tortious interference with a contract and/or business expectancy.

On May 18, 2007, Burke provided Defendants with his First Request for Production of Documents. Request 16 sought:

> Any and all documents related or referring to any retention by the Lakin Law Firm, Bradley Lakin, or L. Thomas Lakin of any public relations firm, polling firm, media consultant, jury consultants, or any company, person, or entity engaged in the business of providing public opinion research, media research, public relations, press releases, media monitoring, or jury consulting, for the purpose of assessing, determining or managing any adverse publicity regarding the Lakin Law Firm, or any criminal investigations or criminal indictments, or any of its past or present members or employees, together with any reports, research, or correspondence provided by them from January 2005 to the present.

**Doc. 89-2.** On July 3, 2007, Defendants objected to this request on the grounds that it is overly broad in scope and time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential commercial information (Doc. 89-4). After Defendants did not produce the requested documents, Burke served an Amended Notice of Rule 30(b)(6) deposition, which included the same request in Schedule A (Doc. 89-3, Request 16). Defendants moved to quash the Notice and again refused to produce the documents (Doc. 89-5).

Magistrate Judge Philip M. Frazier held a discovery dispute conference on October 26, 2007, at which Defendants objected to production of various documents responsive to Request 16 on the grounds that they are protected by the attorney-client and/or work product privileges. Defendants submitted these documents for *in camera* review (See Doc. 99, pp. 62–66). All of the documents relate emails and attachments sent between LLF and its public relations firm, Public Strategies, Inc. (PSI). LLF and Lakin's attorney in other civil matters, William Lucco, recommended that Defendants hire PSI in order to help LLF deflect negative publicity and other fallout from Thomas Lakin's legal troubles.[1]

On November 1, 2007, Judge Frazier ruled that the documents were not protected by any privilege and ordered LLF to produce them (See Doc. 87). Judge Frazier ruled that the attorney/client privilege does not protect these emails because the communications were not made between attorney and client. Judge Frazier noted that "What develops when the client acts on [his attorney's] advice is not protected." **Doc. 87, p. 4.** Additionally, Judge Frazier ruled that the work product privilege does not apply because "The public relations effort was not something done in

---

[1] The salacious details of United States v. Lowell Thomas Lakin, 07-CR-30068 (S.D. Ill.), have been reported ad nauseam in local print and electronic media.

anticipation of litigation, except to the extent that it might keep LLF involved in existing litigation by keeping clients and employees in the fold." *Id.* As such, Judge Frazier regarded the public relations work to be a business decision, and not a litigation decision. *Id.*

Dissatisfied with Judge Frazier's ruling, Defendants timely filed this appeal on November 12, 2007 (Doc. 89). It is important to note that Defendants only object to Judge Frazier's ruling as to some of the documents, and these have been filed under seal for *in camera* review (Doc. 90). Burke responded on December 10, 2007 (Doc. 98). A transcript of the October 26, 2007 discovery hearing held before Judge Frazier was also filed (Doc. 99).

Having fully reviewed these documents, the Court **AFFIRMS** the Magistrate Judge's ruling (Doc. 87) and **ORDERS** Defendants to produce all "Public Strategies" documents.

### B. Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 72(a)** provides that where a party objects to the Magistrate Judge's ruling on a non-dispositive pre-trial matter, "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

Defendants argue that the Magistrate Judge's ruling is clearly erroneous and contrary to law because the documents in question are privileged,[2] and that Burke has not made the necessary

---

[2] Though Judge Frazier ruled that the documents are not privileged as attorney-client communications or work product, Defendants challenge Judge Frazier's ruling only as to the finding that the documents are not protected as work product. To the extent that Defendants' appeal can be construed as also challenging the ruling on the issue of attorney-client privilege, the Court finds that Judge Frazier's ruling is not clearly erroneous or contrary to law, because none of the documents in question involve attorney-client communications. Rather, the documents involve communications between two entities that do not stand in an attorney-client relationship: the public relations firm and LLF.

showing to obtain the documents under Federal Rule of Civil Procedure 26. Rule 26(b)(3) provides:

> a party may obtain discovery of documents . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has a substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

The threshold question is whether these documents fall within the ambit of Rule 26. If so, Burke cannot obtain the documents without a showing that he has a substantial need of the documents and that he cannot obtain the substantial equivalent without undue hardship. *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996) (**"if a party demonstrates that materials in its possession that would otherwise be discoverable were prepared in anticipation of litigation, the materials are considered work product and become subject to a qualified privilege."**). However, if the documents are not within the scope of Rule 26, then the privilege does not apply and Defendants must produce them.

The documents at issue are emails between LLF employees and PSI discussing various approaches for distancing LLF and Bradley Lakin from Thomas Lakin's legal troubles. The emails include attachments that provide strategies for communicating with employees, clients, and the media, and proposed letters to be sent to employees and clients reassuring them of the firm's stability. Because PSI was retained at the direction of LLF's counsel for the purpose of diverting negative publicity from litigation brought against Thomas Lakin, LLF, and Bradley Lakin, Defendants argue that the documents in question were made "in anticipation of litigation" and are protected under the work product doctrine.

Defendants cite *United States v. Nobles*, **422 U.S. 225, 238 (1975)** for the principle

that the work product doctrine protects documents prepared by an attorney's agents in anticipation of litigation. While this is certainly true, the Court stressed that the purpose of the doctrine is to "provid[e] a privileged area within which [an attorney] can analyze and prepare his client's case." *Id.* **at 238.** The Court indicated in *Nobles* that reports prepared by a defense investigator from interviews with eyewitnesses may have been protected work product, had the privilege not been waived. *Id.* **at 239-40.** In contrast, the documents involved here do not involve preparation or legal strategies for conducting litigation itself, nor do they discuss how Defendants plan to defend this or any other action. Instead, the documents discuss preparation and strategy for minimizing the public relations fallout that could result from pending litigation. And though the work product doctrine may protect documents that were prepared for one's defense in a court of law, it does not protect documents that were merely prepared for one's defense in the court of public opinion.

Moreover, the Court finds persuasive those cases in other districts ruling that public relations materials are not privileged work product, and are therefore not within the scope of Rule 26. *See, e.g.*, *Calvin Klein Trademark Trust v. Wachner*, **198 F.R.D. 53, 55 (S.D.N.Y. 2000);** *Amway Corp. V. Proctor & Gamble Co.*, **2001 WL 1818698, \*6-8 (W.D. Mich. Apr. 3, 2001) (unpublished).** For instance, in *Calvin Klein*, the district court found that the work product doctrine does not protect communications that "strategiz[e] about the effects of the litigation on the client's customers, the media, or on the public generally." **198 F.R.D. at 55.** There, the work product doctrine only protected the firm's communications with the public relations firm in those limited circumstances where "the public relations firm needs to know the attorney's strategy in order to advise as to public relations, and the public relations impact bears, in turn, on the attorney's own strategizing as to whether or not to take a contemplated step in the litigation itself." *Id.*

None of the documents in question contemplate any legal strategy. Instead, they address how LLF might conduct itself in order to avoid losing clients and employees. As Judge Frazier aptly, these documents pertain to business decisions, not litigation decisions.

The Magistrate Judge's ruling was not clearly erroneous or contrary to law. These documents are not protected by the work product doctrine, do not fall within the scope of Rule 26(b)(3), and must be produced by Defendants.

This ruling relates only to discoverability and not admissibility.

### C. Conclusion

Accordingly, the Court **AFFIRMS** the Magistrate Judge's ruling (Doc. 87) and **ORDERS** Defendants to produce the "Public Strategies" documents (Doc. 90).

**IT IS SO ORDERED.**

**DATED this 7th day of January 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**